110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas KIELAR, Defendant-Appellant.
 No. 96-3792.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 Before: KENNEDY, CONTIE, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Thomas Kielar, a federal prisoner, appeals the sentence imposed by the district court following his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 On February 7, 1996, Kielar pleaded guilty to the charge described above. The district court sentenced Kielar on July 5, 1996, to 37 months in prison, three years of supervised release, and a $500 fine. This sentence was based upon a total offense level of 12 and a criminal history category of VI, resulting in a sentencing range of 30 to 37 months.
 
 
 3
 On appeal, Kielar argues that the district court erred in declining to apply USSG § 2K2.1(b)(2), which provides for a base offense level of six where the firearm is possessed solely for lawful sporting purposes or for collection.
 
 
 4
 Upon review, we affirm the district court's judgment because it did not err in finding that Kielar had not established that the revolver in question was acquired solely for sporting purposes.
 
 
 5
 Section 2K2.1(b)(2) of the U.S. Sentencing Guidelines provides, in pertinent part, that "[i]f the defendant ... possessed all ... firearms solely for lawful sporting purposes or collection, and did not ... unlawfully use such firearms ... decrease the offense level ... to level 6." A district court's determination of whether a firearm was used solely for lawful sporting purposes is a question of fact reviewed under the clearly erroneous standard. United States v. Morrison, 983 F.2d 730, 732 (6th Cir.1993). However, whether the district court has correctly applied those facts to the guideline provision is a question of law reviewed de novo. United States v. Garner, 940 F.2d 172, 174 (6th Cir.1991). The defendant has the burden to prove by a preponderance of the evidence that a reduction in the guidelines offense level is warranted; "[t]hus, the government need not prove that the revolver was used for illegal purposes. Rather, Defendant must prove that the firearm was used solely for sporting purposes." Morrison, 983 F.2d at 732-33. Our review of the record satisfies us that the district court, which gave controlling weight to the type of weapon involved and its unsuitability for "plinking," as well as the fact that three of Kielar's five felony convictions involved the acquisition or possession of firearms, did not clearly err in finding that Kielar did not meet his burden of proof in this case.
 
 
 6
 Accordingly, the district court's judgment is affirmed.